IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

ALYSE BRENNECKE,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF COLORADO d/b/a UNIVERSITY OF COLORADO MEDICINE, a body corporate,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff submits the following Complaint against Defendant.

## I.  PARTIES

1. Plaintiff Alyse Brennecke ("Ms. Brennecke" or "Plaintiff") is an individual who resides in Golden, Colorado.

2. Defendant Regents of the University of Colorado d/b/a University of Colorado Medicine ("CU") is a body corporate with an address of 12631 East 17th Avenue, Aurora, Colorado 80045.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. All prerequisites or conditions precedent to the institution of this suit have been met.

6. Plaintiff filed a timely charge of discrimination with the EEOC.

7. On January 4, 2024, the EEOC issued a Notice of Right to Sue in regard thereto. This action was timely filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## IV. GENERAL ALLEGATIONS

8. Plaintiff seeks relief against Defendant on the ground that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S. § 2000e *et seq*. ("Title VII").

9. Defendant is an employer within the meaning of Title VII.

10. The timeliness and jurisdictional requirements of Title VII have been met.

11. Ms. Brennecke was hired by CU in 2016. At the time of her termination, she was the Director of Clinical Research in the Department of Ob-Gyn; Division of Gynecological Oncology.

12. At all times Ms. Brennecke performed her job duties satisfactorily.

13. In mid-August, Ms. Brennecke received notice of the upcoming vaccination requirement.

14. On September 1, 2021, CU implemented Campus Administrative Policy Statement 3012, COVID-19 Vaccination Requirement and Compliance ("Policy 3012"), which required all employees to attest that they had received a COVID-19 vaccine.

15. Policy 3012 stated, in part, that employees seeking a religious exemption may submit such "based on a person's religious belief whose teaching are opposed to all immunizations."

16. Ms. Brennecke is a member of a protected class based on her religion (Christian).

17. On August 24, 2021, Ms. Brennecke requested a religious exemption from CU's Policy 3012 requiring her to receive the COVID-19 vaccine.

18. In her exemption request, Ms. Brennecke stated:

> Psalm 139 states that God forms us in the womb. For all the available COVID-19 vaccines, they were developed using either cell lines from aborted fetal tissue (Pfizer and Moderna) or lab replicated fetal cells (J&J). This disruption of God's sacred design involved with these vaccines violates my sincerely held religious belief that human life begins at conception and should be protected at all stages. While I understand that the vaccines distributed to people may not have fetal cells in them currently, it is the process by which they were developed that doesn't sit well in my religious conscious…Similarly, these vaccines are in the medical market due to a violent and deadly disruption of God's plan for life beginning at conception and that makes me uncomfortable and violates my faith.

19. On September 1, 2021, the CU Vaccine Verification Team asked Ms. Brennecke to answer additional questions explaining the basis for her religious exemption request.

20. Within three hours of when Ms. Brennecke made her request for a religious exemption, CU denied the request. CU's denial was set forth in a form letter in which it stated:

> Your exemption request has been denied because it does not comply with the campus policy, **which only recognizes religious exemptions based on a religious belief whose teachings are opposed to all immunizations** (emphasis added).

21. CU arrogated unto itself the right to judge Ms. Brennecke's religious views. This was a gross violation of Ms. Brennecke's rights under Title VII as numerous courts have held. *See, e.g.*, *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981) (ruling that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others").

22. In the same written communication denying Ms. Brennecke's religious exemption request, CU asserted:

> Failure to submit proof of COVID-19 vaccine verification within 48 hours **will result in additional actions** being taken due to your failure to comply with the campus vaccination policy, **including but not limited to termination** (emphasis supplied).

23. On September 22, 2021, CU issued a letter to Ms. Brennecke wherein CU, in violation of Ms. Brennecke began to make good on its promise to impose discipline on her for not being vaccinated.

24. Because she did not receive the vaccine, on September 22, 2021, CU moved Ms. Brennecke to a remote work arrangement and her pay was reduced by 10% for the subsequent month allegedly because the pay reduction reflected the amount of work that Ms. Brennecke could not perform remotely. Upon information and belief, the pay of others who did not get vaccinated was also reduced by 10% for the same reason.

25. In a letter dated September 22, 2021, CU warned Ms. Brennecke that failure to comply with CU's vaccination policy by October 20, 2021, "will result in additional disciplinary actions, up to and including termination."

26. The September 22, 2021 letter from CU also informed Ms. Brennecke that "[f]ailure to submit verification of the vaccination by October 20th, 2021 will result in additional disciplinary actions, up to and including termination."

27. Ms. Brennecke felt that she was certain to be fired for not being vaccinated.

28. Ms. Brennecke requested that CU provide a reasonable accommodation to her sincerely held religious beliefs.

29. CU denied Ms. Brennecke's request for a religious accommodation.

30. CU never engaged in the interactive process with Ms. Brennecke despite her willingness to follow safety protocols through her continued production of negative test results for the COVID-19 virus.

31. CU threatened to terminate Ms. Brennecke's employment on the ground that she refused to take the COVID-19 vaccine.

32. On October 20, 2021, Ms. Brennecke was discharged in violation of her rights.

## V.  FIRST CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Failure to Accommodate)**

33. Plaintiff hereby realleges the above allegations as if fully set forth herein.

34. Title VII prohibits Defendant from discriminating against its employees on the basis of their sincerely held religious beliefs.

35. Plaintiff Ms. Brennecke holds sincere religious beliefs that preclude her from receiving a COVID-19 vaccine.

36. Plaintiff informed Defendant of those beliefs and requested a religious exemption and reasonable accommodation from the vaccine mandate.

37. Defendant failed to engage in the interactive process with Plaintiff regarding her religious accommodation request.

38. Irrespective of the interactive process, Defendant failed to provide Plaintiff with a religious exemption and also failed to provide a reasonable accommodation, thereby discriminating against Plaintiff because of her religious beliefs.

39. Plaintiff's religious belief about receiving a COVID-19 vaccine was the basis for Defendant's discriminatory treatment.

40. Defendant's failure to even consider accommodating Plaintiff's religious beliefs under any circumstances whatsoever harmed and will continue to harm Plaintiff.

41. Accommodating Plaintiff's religious beliefs would not have resulted in an undue hardship on Defendant or its business.

42. By failing to engage in the interactive process or offer any reasonable accommodation, Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

43. Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## SECOND CLAIM FOR RELIEF
**(Violation of Title VII – Religious Discrimination Wrongful Termination)**

44. Plaintiff hereby realleges the above allegations as if fully set forth herein.

45. Title VII makes it unlawful for an employer to discharge any individual, or to otherwise discriminate against any individual, with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's religion.

46. At the time of the discrimination, Mr. Brennecke was Defendant's employee and qualified in all respects to do her job competently. Plaintiff had a sincere religious objection to receiving the COVID-19 vaccines.

47. Defendant threatened to terminate the employment of Plaintiff after she refused to violate her conscience by subjecting herself to Defendant's vaccination mandate.

48.     Defendant's termination of Ms. Brennecke was an adverse employment action that materially and adversely changed the overall terms and conditions of her employment, in violation of Title VII.

49.     Plaintiff is entitled to all legal and equitable remedies available for Title VII violations, including compensatory damages.

## THIRD CLAIM FOR RELIEF
### (Violation of Title VII – Religious Discrimination—Retaliation under Title VII)

50.     Plaintiff Ms. Brennecke hereby incorporates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

51.     Plaintiff Ms. Brennecke was discriminated against in violation of Title VII.

52.     Plaintiff Ms. Brennecke voiced her opposition to the discrimination she experienced in violation of Title VII, which is a protected activity. The voicing of that opposition came in the form of written and verbal communications with Defendant University.

53.     Plaintiff was subjected to a pay reduction and then termination for expressing her opposition to the discrimination she was experiencing.

54.     A causal connection exists between the protected activity in which Ms. Brennecke engaged and the adverse employment action by Defendant CU.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court:

A. Award Plaintiff backpay, front pay, and other compensatory damages suffered by Plaintiff, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and nonpecuniary losses (or, in the alternative, reinstatement with backpay and other damages);

B. Award Plaintiff the reasonable costs and expenses of this action, including reasonable attorney fees as permitted by law;

C. Award prejudgment and post judgment interest, as provided for by law; and

D. Grant such other and further relief as the Court deems equitable and just under the circumstances.

**JURY DEMAND**

Plaintiff requests trial by jury on all claims.

Respectfully submitted,

ILLUMINE LEGAL LLC

*/s/ J. Brad Bergford*
J. Brad Bergford, CO Bar No. 42942
Anders K. Ericson, CO Bar No. 59228
8055 East Tufts Ave., Ste. 1350
Denver, CO 80237
Phone: (303) 228-2241, ext. 100
Email: brad@illuminelegal.com
          anders@illuminelegal.com
*Attorneys for Plaintiff*